IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ISSAC SCOTT BLANTON, 00488034, and BOBBY JEROME MERRELL, 00391035, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:14-cv-02302 |
| BEDFORD CO. SHERIFF DEPT., *et al.*, | ) ) | Judge Campbell |
| Defendants. | ) ) | |

### ORDER

On November 26, 2014, Plaintiffs filed a *pro se* Complaint under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement in the local jail in which they were then incarcerated. (Docket Entry No. 1.) Neither Plaintiff paid the filing fee, and only Plaintiff Blanton submitted an application to proceed *in forma pauperis* ("IFP") as required by 28 U.S.C. § 1915(a). (Docket Entry No. 2.) Since that time, Plaintiffs have failed to alert the Court to their change of address, failed to respond to the Court's Order requiring an IFP application from Plaintiff Merrell (Docket Entry No. 4), and failed to respond to the Court's Order to show cause why this action should not be dismissed for failure to prosecute. (Docket Entry No. 12.)

Accordingly, this action is hereby **DISMISSED** for Plaintiffs' failure to comply with Orders of this Court and failure to prosecute.

Because it appears from Plaintiff Blanton's IFP application that he lacks sufficient funds to pay the filing fee, his IFP application (Docket Entry No. 2) is **GRANTED**. The Court must nevertheless assess a $350 filing fee, which it will apportion to each Plaintiff in the amount of $175.

See 28 U.S.C. §§ 1915(b) and 1914(a).

The Warden of **Morgan County Correctional Complex** in Wartburg, Tennessee, as custodian of **Plaintiff Blanton's** trust account, is DIRECTED to submit promptly to the Clerk of Court the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $175.00 outstanding balance of Plaintiff Blanton's portion of the filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Warden of **Whiteville Correctional Facility** in Whiteville, Tennessee, as custodian of **Plaintiff Merrell's** trust account, is DIRECTED to submit promptly to the Clerk of Court the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $175.00 outstanding balance of Plaintiff Merrell's portion of the filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court MUST send a copy of this Order to the **Morgan County Correctional Complex** and to the **Whiteville Correctional Facility** to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If either Plaintiff is transferred from his

present place of confinement, his Warden must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance herewith.  All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

Entry of this Order shall constitute the Judgment in this action.

It is so **ORDERED**.

_____
TODD J. CAMPBELL
United States District Judge